UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

-------------------------------------------------------------X

JOSEPH NELSON,

                      Petitioner,

      -against-

MARTIN HERRON [B.F.D.F.]; GEORGE
ALEXANDER, Head of N.Y.S. Parole;
CHARLES HYNES, District Attorney of Kings,

               Respondents.

-------------------------------------------------------------X

**MEMORANDUM AND ORDER**

09-CV-4652 (SLT)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   NOV 2 5 2009

P.M.
TIME A.M. _____

**TOWNES, United States District Judge:**

On October 26, 2009, *pro se* petitioner Joseph Nelson filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254. Petitioner's request to proceed *in forma pauperis* is granted.

For the reasons set forth below, petitioner is directed to submit an affirmation, within thirty (30)

days of the date of this Order, showing cause why the petition should not be dismissed as time-

barred.

**Background**

Petitioner challenges his conviction for Manslaughter in the First Degree and other crimes

that was entered in Kings County on November 16, 1992. He was sentenced to an indeterminate

sentence of 8 ½ to 25 ½ years imprisonment. See Petition at 1. Petitioner filed an appeal to the

Supreme Court of New York, Appellate Division, Second Department, which was denied on May

30, 1995. People v. Nelson, 627 N.Y.S.2d 975, 215 A.D.2d 783 (N.Y. App. Div. 1995). The New

York Court of Appeals denied leave to file on August 17, 1995. People v. Nelson, 656 N.E.2d 611,

86 N.Y.2d 799 (N.Y. 1995). On June 22, 2002, he filed an application for a writ of error coram

nobis, which was denied on October 21, 2002. People v. Nelson, 748 N.Y.S.2d 874, 298 A.D.2d

533 (N.Y. App. Div. 2002). The Court of Appeals denied leave to appeal on March 04, 2003.

People v. Nelson, 790 N.E.2d 286, 99 N.Y.2d 631 (N.Y. 2003). Petitioner asserts that he also filed a subsequent motion for collateral relief pursuant to New York Criminal Procedure Law § 440.10 on December 2, 2008. The trial court denied the motion on April 1, 2009, and the Appellate Division denied leave to appeal on September 10, 2009. (Pet. at 5; Exhibit 1.)

Petitioner was released from state custody on December 31, 2008 into the custody of immigration authorities. See New York State Department of Correctional Services website, http://nysdocslookup.docs.state.ny.us. He is currently in immigration custody at Buffalo Federal Detention Facility in Batavia, New York.

The Court received the instant petition on October 26, 2009. Petitioner challenges the conviction on the grounds that his trial counsel was ineffective and acted under an undisclosed conflict of interest.

**Discussion**

I. The AEDPA Statute of Limitations

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. See 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially

2

> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively applicable
> to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.

28 U.S.C. § 2244(d)(1).

Petitions filed after the enactment of AEDPA, but challenging convictions entered before its effective date have been granted a one-year grace period following the effective date of the legislation, in which to file a habeas corpus petition. Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998).

If a "properly filed" application for State post-conviction or other collateral review with respect to the judgment of conviction was "pending" at any time during that one-year period, the time during which this application was pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is not jurisdictional and may be equitably tolled. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam), cert. denied, 531 U.S. 840 (2000). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001), cert. denied, 535 U.S. 1017 (2002) (quoting Smith, 208 F.3d at 17). A petitioner "must demonstrate that he acted with reasonable diligence during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances beyond his control prevented successful filing during that time." Id. (internal quotations omitted); see also Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003), Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000).

3

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." <u>Acosta v. Artuz</u>, 221 F.3d 117, 121 (2d Cir. 2000); <u>see also</u> <u>Day v. McDonough</u>, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." <u>Acosta</u>, 221 F.3d at 125 (citing <u>Snider v. Melindez</u>, 199 F.3d 108, 113 (2d Cir. 1999) and <u>Lugo v. Keane</u>, 15 F.3d 29, 30 (2d Cir. 1994)).

## II. Application of the Law to this Case

The facts alleged in the petition suggest that petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 is time-barred. The Court of Appeals denied leave to appeal on August 17, 1995. As petitioner did not pursue his appeal to the United States Supreme Court, the judgment of conviction became final on November 15, 1995, ninety days after the Appellate Division dismissed the appeal, when the time to seek a writ of certiorari had expired. As petitioner's judgment of conviction became final before the AEDPA established a one-year statute of limitations, he is entitled to a one-year grace period following the effective date of the AEDPA, in which to file a habeas corpus petition. <u>Ross v. Artuz</u>, 150 F.3d 97, 103 (2d Cir. 1998). Thus, if 28 U.S.C. § 2244(d)(1)(B)-(D) are inapplicable to this case, petitioner had until April 24, 1997 to file his petition. By the time petitioner filed his first state petition for post-conviction relief, on June 22, 2002, the statute of limitations had long since expired. Petitioner has not asserted any

excuse for this lengthy delay that might serve as the basis for equitable tolling of the statute of limitations.

**Conclusion**

Petitioner is directed to show cause by affirmation, within thirty (30) days from the date of this Order, why the AEDPA statute of limitations should not bar the instant petition.[1] See Day, 547 U.S. at 209-10; Acosta, 221 F.3d at 125. If petitioner believes that 28 U.S.C. § 2244(d)(1)(B), (C), or (D) apply to this case or should he have a basis to ask the Court to equitably toll the statute of limitations, he shall present the facts to the Court in his affirmation and shall append to his affirmation documentary evidence, if available, supporting his allegations. Petitioner's application for appointment of counsel is denied at this time. No response shall be required from respondent at this time and all further proceedings shall be stayed for thirty (30) days or until the petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.

Copies of this Order shall be mailed to petitioner's address at the Buffalo Federal Detention Facility and in care of Ms. Jacquelyn C. Bryden, 187 Weirfield Street, Brooklyn, New York, 11221.

SO ORDERED.

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
November 20, 2009

---

[1] An affirmation form is attached to this Order for petitioner's convenience.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

JOSEPH NELSON,

                   Petitioner,

     -against-

MARTIN HERRON [B.F.D.F.]; GEORGE
ALEXANDER, Head of N.Y.S. Parole;
CHARLES HYNES, District Attorney of Kings,

                  Respondent.

-----------------------------------------------------------x

**PETITIONER'S AFFIRMATION**

09-CV-4652 (SLT)

STATE OF NEW YORK    }
                   } ss:
COUNTY OF _____  }

       I, JOSEPH NELSON, make the following affirmation under the penalties of perjury:

1.    I am the petitioner in this action and I respectfully submit this affirmation in response to the

Court's order dated _____, 2009. The instant petition should not be time-barred by the

AEDPA's one-year statute of limitations because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

1

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

2.      In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

Dated: _____

_____
Signature

_____
Address

_____

_____
City, State & ZIP