FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 24 2010
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSEPH NELSON,

    Petitioner,

    -against-

MARTIN HERRON [B.F.D.F.]; GEORGE
ALEXANDER, Head of N.Y.S. Parole;
CHARLES HYNES, District Attorney of
Kings,

    Respondents.
----------------------------------------------------------X

No. 09-CV-4652

**MEMORANDUM AND ORDER**

**TOWNES, United States District Judge:**

On October 26, 2009, *pro se* petitioner Joseph Nelson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In an Order filed on November 25, 2009, this Court directed petitioner to show cause why the petition should not be dismissed as untimely. The Court noted that petitioner's conviction became final on November 15, 1995 and that the petitioner was entitled to a one-year grace period following the effective date of AEDPA, apparently giving petitioner until April 24, 1997 to file his habeas petition under 28 U.S.C. § 2244(d)(1).

In petitioner's response to the Order to Show Cause, he does not show that 28 U.S.C. § 2244(d)(1)(B)-(D) are applicable. Nor does he establish grounds for equitable tolling of the statute of limitations or demonstrate that the tolling provision in 28 U.S.C. §2244(d)(2) renders his petition timely. The petition, filed more than ten years after the expiration of the statute of limitations, is untimely and must be dismissed.

1



Petitioner argues that the "new rule of law espoused in *Massaro v. United States*, 538 U.S. 500, 501 (2003)" makes his petition timely, but this argument is without merit. *See Perez v. Zon*, No. 04-CV-4421, 2005 WL 503933, at *4 (E.D.N.Y. Feb. 2, 2005). Indeed, *Massaro* did not set forth a "newly recognized" and "retroactively applicable" constitutional right within the meaning of 2244(d)(1)(C). *See id.* "More importantly, *Massaro* has no effect, retroactive or otherwise, on habeas petitions challenging state court convictions." *Id.*; *see also Sweet v. Bennett*, 353 F.3d 135, 140-41 (2003). As Judge Gleeson held in *Perez*, "[t]he Supreme Court's decision in *Massaro* has no effect on the timeliness of [petitioner's] habeas petition." *Id.* at *5. Petitioner's assertion that his post-conviction motions tolled the statute of limitations is also without merit because the statute of limitations expired before the motions were filed. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

Accordingly, this petition is dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1). The Court declines to issue a certificate of appealability under 28 U.S.C § 2253(c)(2) and certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

/SANDRA L. TOWNES
United States District Judge

Dated: May 21, 2010
Brooklyn, New York